# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROBERT MATHIS,**

    **Plaintiff,**

**vs.**                                     **CASE NO.  4:22-CV-00172-MW-MAF**

**ARAMARK CORR. SERV., LLC,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies by June 9, 2022. ECF No. 3, pp. 1-2, 12-13. As of the drafting of this Report, Plaintiff has not amended his complaint.

For the reasons stated, it is recommended that the complaint be dismissed; and the case be closed.

Case No.  4:22-CV-00172-MW-MAF

I. **Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff initiated this case with a handwritten complaint against two defendants, Aramark Corr. Serv., LLC (Aramark) and the Leon County Detention Facility kitchen. ECF No. 1. Plaintiff, however, does not state whether he is suing them in their individual or official capacities, or both. Id. Plaintiff has been detained at the Leon County Detention Facility since December 2021. Plaintiff maintains that he is not receiving enough food— less than 2,100 calories per day. Id., p. 2. The meals consist of "raw cabbage, lettuce, carrots . . . with no butter, salt, pepper, or dressing." Id. This, he claims, is less than 1,400 calories per day. Id.

Plaintiff claims he filed "well over 75 requests" to be served the proper

amount of food, which were not answered by Captain Sheffield and Aramark. Id., pp. 1-2. Similarly, Plaintiff maintains that Sheffield protects Aramark and does not "provide the name of the woman that runs Aramark at the Leon County Jail kitchen," and that complaints to the Board of Health sent by inmate families are ignored. Id., p. 3. Plaintiff claims these actions are retaliation against inmates for their complaints; however, Plaintiff does not describe the alleged retaliation. Id., pp. 1-2.

Plaintiff alleges that the denial of food is "gross negligence" and an Eighth Amendment violation. Id., p. 3. Plaintiff also claims he is $800 in debt for "food he is not receiving." Id., p. 4. As a result, Plaintiff asks this Court to "assist the 1000 plus inmates [in the Leon County Detention Facility] get their basic minimum measurement of food," by issuing an injunction directing Defendants "to quit robbing [the inmates] and to do their job." Id., pp. 4-5.

## III.  Discussion

Plaintiff's complaint remains legally insufficient. The complaint is a shotgun pleading. Plaintiff had the opportunity to amend his complaint to correct the deficiencies this Court identified but he did not do so. ECF No. 3. Each issue is discussed below.

### A. Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is a shotgun pleading because it (1) asserts claims against multiple defendants but does attribute acts or omissions to each Defendant, (2) fails to separate claims into different counts, and (3) states conclusory, vague, and immaterial facts. ECF No. 1.

Plaintiff was granted the opportunity to amend his complaint, ECF No. 3; however, Plaintiff has not done so. The legal conclusions and vague facts in the complaint remain. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall

v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Plaintiff fails to plead any facts that substantiate his vague proclamations of gross negligence and retaliation. Therefore, Plaintiff's complaint, ECF No. 1, should be dismissed.

### A. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

The undersigned gave Plaintiff the opportunity to correct the deficiencies found in his complaint. ECF No. 3. Nevertheless, Plaintiff has not amended—his shotgun complaint remains. "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." Equity

Lifestyle Props, supra, at 1241 (quoting Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001)). Such defiance to this Court's orders need not be tolerated. Id. Dismissal is appropriate.

## IV. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). It is also recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 16th day of June, 2022.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).